PER CURIAM.
Danny Sams suffered compensable back injuries in June and October of 1978. The Judge of Industrial Claims entered an order finding that Sams had ■ sustained a 70 percent permanent partial disability of the body as a whole based upon loss of wage earning capacity. We reverse.
We. note, first of all, that the order fails to make an express finding that there was a good faith work search as required by Section 440.25(3)(c), Florida Statutes (1978). More importantly, however, we find that there is no competent substantial evidence in the record that would support such a finding. While we agree that the Judge of Industrial Claims was authorized to reject the purported offer of employment by Watkins Motor Lines, Inc., as insincere, we find that the evidence of the subsequent employment as a security guard and the reasons given by Sams for quitting that job militate against the finding of loss of wage earning capacity. A review of the testimony reveals that Sams’ own explanation was that the “guys hassle me.” They told him to get his hair cut and hold him he was not tough enough to be a security guard. In addition, he said he “messed up on a timeclock.” Although when he was asked why he worked there only two weeks, he did mention that his back was hurting, the testimony taken as a whole makes clear that he quit because of the “hassling.” Thus, the record does not support the finding that Sams suffered a loss of wage earning capacity.
Accordingly, we reverse the finding of 70 percent permanent partial disability based on loss of wage earning capacity and the attendant award of attorney’s fees and costs and remand for entry of an order consistent with the finding of 5 percent permanent partial anatomical disability.
MILLS, C. J., and McCORD, J., concur.
BOOTH, J., dissents with an opinion.